# Staunton.

## PARKER V. LOGAN BROS. & CO.

### SEPTEMBER 16th, 1886.

1. RESULTING TRUSTS—*Parol evidence—Case at bar.*—Where one, with another's money, buys an estate, and takes the conveyance in his own name, by presumption of law, a trust results in favor of him whose money is thus used. Such trust may be established by parol proof; but the proof must be clear. In the case at bar, the proof was clear. *Kane* v. *Conners*, 78 Va. 76.

2. CHANCERY PRACTICE—*Final decree—Bill of review*—Decree disposing of and deciding the entire matters in controversy and awarding costs and leaving nothing to be done in the cause, is a final decree, and can be reviewed and reversed only on bill of review, either for errors on the face of the proceedings or for after discovered evidence, material and not merely cumulative, which could not, by reasonable diligence, have been discovered before the decree.

Argued at Richmond. Decided at Staunton.

Appeal from order of the judge of circuit court of Loudoun county, made June 21, 1880, in vacation, on petition of Logan Bros. & Co., for rehearing the decree made May 7, 1880, in the cause of Logan Bros. & Co., against G. W. Taylor and others; and from decree of said court rendered April 27, 1881, in said cause, on said petition, reversing the said decree of May 7, 1880, and holding that the houses and lot in controversy, which had been bought with P. L. Parker's money and conveyed to said Taylor, was subject to the debts and contracts of the latter. From this decree said Parker obtained an appeal to this court.

Opinion states the case.

*John M. Orr* and *Joseph Christian*, for the appellants.

*Holmes Conrad*, for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

In August, 1878, the said Logan Bros. & Co. filed their original bill in the cause in which they aver, *inter alia*, that they are creditors of one George W. Taylor; that the said Taylor had executed a deed of trust bearing date July 5, 1878, by which he conveyed to John H. Alexander and Clarence Thomas, trustees, property, among which is a lot of one and a half or two acres of land, with a store and dwelling-house on it, in the village of Dover, Loudoun county, Virginia, in trust to secure debts to complainants and others, as therein set forth, which deed the bill charged to be fraudulent, and which they pray to have so declared and set aside and annulled, as void; and also that an account be taken by a master commissioner of the real and personal estate belonging to the said Taylor; and that the creditors of the said Taylor, and their claims and priorities be ascertained, and the real and personal estate of the said Taylor be subjected to the payment of his debts.

At the October term, 1878, the said circuit court decided and decreed that the said deed of trust from George W. Taylor to Alexander and Thomas, trustees, "to be null and void, and is hereby set aside;" and referred the cause to a commissioner to ascertain the value of the property embraced in the said deed, the liens thereon and their priorities, and all the debts owing by the said Taylor. At the April term, 1879, of the said court, P. L. Parker, the appellant, by the leave of the court, filed his petition in the said cause, wherein he prays to be made a party to the cause, and avers that the said houses and lot in the village of Dover, embraced in the said deed of trust

to Alexander and Thomas, trustees, and sought by the bill of complainants to be subjected to the payment of George W. Taylor's debts, was, in fact, not the property of the said Taylor, but was the property of the said P. L. Parker; that the said property had been negotiated for, and contracted for, and purchased by the said Parker from A. H. Hixson and H. R. Hixson, his wife; that the said purchase was made by the said Parker entirely for himself; that the purchase money had been wholly paid by him out of his own funds, sent to the said vendors, the Hixsons, by him, the said Parker, by the hands of his agent, clerk, and cousin, George W. Taylor, who took, in his own name, a deed for the said property, from said Hixsons, dated September 29, 1871, which said deed is an exhibit in his said petition; whereby an implied or resulting trust had arisen in favor of the said Parker, in the said "Dover" property, making him the owner thereof in equity. He avers that this transaction took place in 1871, and that the trust arose at that time, whereby the said Taylor held the legal title as trustee for him, the said Parker, as the equitable owner. The said Parker claimed to be the actual and beneficial owner of the said "Dover" property, and insisted that it could not be liable for or made subject to the debts of the said George W. Taylor, and he prayed for the aid and protection of the court as to his rights of ownership in and to the said property. To this petition no answer was filed; sundry depositions were taken on behalf of the said petitioner, Parker, on notices served or accepted, at the taking of some of which the complainants, by counsel, attended and cross-examined.

At the April term, 1880, the said petition of Parker was heard *on the merits*, on the petition taken for confessed, and the exhibits and proofs therewith; and the court then rendered a final decree in the matter of said petition, deciding wholly in favor of the petitioner, Parker, and awarding him his costs.

The said April term, 1880, ended on the 8th day of May, 1880, after which ending the said Logan Bros. & Co., complainants, filed in the clerk's office of the said circuit court, their petition for rehearing the said decree of April term, 1880, which they presented to the judge of the said circuit court, *in vacation*, on the 21st June, 1880, praying leave to file the same, and praying, also, an injunction against the collection of costs, and embracing in their said petition sundry other matters with which the said Parker had no connection, or interest in, whatever.

On which petition of said Logan Bros. & Co. the said judge of the circuit court made an endorsement, dated June 21st, 1880, directed to the clerk of his court, giving leave to file the said petition, and also granting the injunction prayed for.    At the April term, 1881, the decree of April term, 1880, was reheard on said petition of Logan Bros. & Co., and the court on said rehearing, rendered its said decree of April term, 1881, reversing its final decree of April term, 1880, deciding that the said "Dover" property was applicable to the payment of the debts due by the said George W. Taylor, and directing a sale thereof to that end.    From this said order of June 21st, 1880, in vacation, and from the said decree of April term, 1881, this appeal is taken.

The decree of April term, 1880, on Parker's petition is a final decree.    It disposes of and decides the entire matters in controversy, and it awards *costs* to the petitioner, and it leaves nothing to be done.    2 Rob. Pr. (old) 426; 2 Tucker Com. 504; 1 Leigh, 108; 2 Leigh, 209.    The term at which this final decree was rendered, ended on the 8th of May, 1880. The application for leave to file the petition for rehearing was made, the leave was granted, and the petition was filed, all in vacation, and all after the end of the term and the rising of the court.    When the April term, 1880, ended, this cause, so far as Parker's petition was concerned, had passed beyond the power

of the court to rehear it on petition. 2 Rob. Pr. (old) 389; 2 Tucker's Com., 505; 4 H. & M., 400. The term had ended without any petition for a rehearing. The whole subject in controversy, and its full and final disposal, and the award of costs to the petitioner, Parker, had ended the cause as to him and the matters litigated by his petition. The creditors of Taylor had appeared by counsel at the examination of Parker's witnesses, and had cross-examined and had appeared and defended in court. The only ground assigned in the petition of Logan Bros. & Co. for a rehearing of the decree of April term, 1880, is the naked averment of error apparent upon the face of the decree; but there is no error, certainly, apparent upon the face of that decree; and not only did the judge err in the vacation order granting leave to file the petition for a rehearing in the cause after final decree and the term ended, but it was error, on the merits, in said circuit court to reverse its decree of April term, 1880, and to decide that the lot and houses in "Dover" aforesaid, are liable for, and should be subjected to, the payment of the indebtedness of George W. Taylor. The facts averred in Parker's petition were proved by the allegations therein taken *pro confesso*, and by the depositions of Parker, and of E. W. O'Bannon, G. W. Taylor, Susan Sprouse and H. R. Hixon. They prove that as far back as 1871, Parker negotiated for, and contracted for, a sale to himself of the "Dover" property for $700. That the purchase was consummated by the payment of this sum, through Taylor, wholly from Parker's own money and for his own benefit; that Taylor had no title to, interest in, or connection with, the purchase money, the contract, or the property, except so far as to carry the purchase money on behalf of, and as messenger for, Parker to the vendor, who lived some miles away; that Taylor paid the money as Parker's money, but took the title deed to himself; that Parker took possession of the property, and occupied

Opinion.

it from that time to the present, and was openly and notoriously the owner of it, his title being always acknowledged by Taylor, who promised to convey the legal title to him, which, through Parker's careless and indolent neglect and ignorance of the necessity or propriety of such conveyance, was not done; that Taylor had no beneficial interest in the property, in law or equity, and claimed none. Taylor was simply a trustee holding the legal title (if, indeed, even that, by the deed of 1871, from Hixon and wife, the legal title being in Mrs. Hixon's trustee, who was not a party to the said deed), for the benefit of Parker, and subject to his demand for a conveyance of the legal title, he being the complete purchaser, for value fully paid, and the possessor and occupier of the said property from the date of the transaction in 1871 up to the institution of this suit in 1880, by the appellees.

The proof of this trust is clear and full in the record, and is confessed in the. pleadings. It resulted, by operation of law, as well by the agreed, known and unquestioned intent and purpose of the parties to the transaction of purchase and payment in 1871; and it cannot be amenable to the charge or implication of fraud or collusion by Parker against the appellees, because Taylor was not then indebted, at all, to any one, and did not become indebted to the appellees till seven years thereafter. Parker negotiated the purchase of the "Dover" houses and lot, and paid the purchase money and took possession and enjoyment of it as his own in 1871, and has so held and treated it ever since, and has been and is understood by all parties as the actual, real and beneficial owner of it. In 1878, six or seven years after this transaction in 1871, Taylor (having, in 1876, removed to Leesburg and gone into business on his own account,) became indebted to the creditors named. in the bill of complaint and proceedings; but Parker had nothing to do with Taylor's enterprise, knew nothing whatever

of his business, had no connection with or knowledge of Taylor's debts, and was not aware of his being indebted to complainants or to any one else. There is no fraud charged or put in issue by the pleadings, and no particle of evidence to show any intent, at any time, in Parker's mind to defraud the complainants, or that he ever knew of them or of their claims, or of their transactions with Taylor. Nor is there any particle of proof that the appellees gave Taylor credit on account of the deed of 1871, or that they ever knew of its existence, or that they were, in any way, injured by the resulting trust. There is no evidence or suspicion that Parker had, or expected, any benefit from his not demanding a deed from Taylor, and his mere indolent neglect and passiveness could not release the trust resulting and complete in 1871 in favor of the mere general creditors of Taylor in 1878, who had no lien, general or specific, and who, even if they were judgment creditors of Taylor, could claim nothing more than Taylor himself was entitled to in the "Dover" property, he being only a trustee holding (if even that) only the legal title to property which he had never paid any part of the purchase money for, had never contracted for or bought for himself, had never owned or occupied, and had never, until 5th of July, 1878, even pretended or claimed to own, and in which he had openly and notoriously acknowledged the ownership of Parker. There is nothing in Taylor of title to this "Dover" property for the complainants to lay hold of, and it is only through Taylor that they set up any claim to it. (See *Nutt* v. *Summers*, 78 Va. 164.)

We are of opinion that the circuit court of Loudoun county erred in the order of June 21, 1880, and in its decree of April term, 1881, and that all its proceedings since the final decree of 1880 are null and void; and the decrees and order of June 21, 1880, complained of, must be reversed.

DECREES REVERSED.