# 𝔅𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

ROANOKE NAT. BANK v. FARMERS NAT. BANK OF SALEM.

MARCH 8th, 1888.

1. FRAUDULENT CONVEYANCES—*Suit to annul—Case at bar.*—McC. conveyed land to H. and put the deed on record. Creditor at large, under Code 1873, ch. 175, § 2, brought suit to annul it as fraudulent. Mc.C. made no appearance. After decree was entered, during same term, H. filed his answer, denying that he had ever claimed any title under the deed:

HELD:

The deed was fraudulent as to creditors of McC. and void, and plaintiff entitled to a lien on said land from the filing of the bill.

2. CHANCERY PRACTICE—*Decree—Rehearing—New parties—Case at bar.*—After term at which decree was entered, persons not hitherto parties to the suit, and who alleged neither error of law in the decree or after discovered evidence, are allowed to file a bill for rehearing the decree:

HELD:

Error, but not reversible error, as the appellant is not aggrieved thereby.

Argued at Wytheville.  Decided at Richmond.

Appeal from decree of circuit court of Roanoke county, rendered April 10th, 1886, in the chancery cause wherein the Farmers National Bank of Salem is complainant, and E. G. McClanahan, S. G. Hurt, the Roanoke National Bank, and William F. Neighbors are defendants. The decree being favorable to the complainant, the said Roanoke National Bank and William F. Neighbors obtained an appeal and writ of *supersedeas* to this court.  Opinion states the case.

*Penn & Cocke*, for the appellants.

1. The deed was not *voluntary*. On its face it called for $4,000 as the consideration.

2. It was not *fraudulent*, its *bona fides* being proven by three uncontradicted and unimpeached witnesses.

3. It was not a conveyance at all—that is, it did not convey actually the land therein mentioned, because, *as the bill itself states*, "it never was accepted by, it never was delivered to, Hurt, nor to anybody authorized by him to accept it."

4. No one can be made the grantee of an estate without his consent. 2 Lom. Dig., p. 377; 2 Minor, p. 666; 2 Phillips on Ev., p. 660, note 492, where it is said: "The consent of the grantee is also requisite to a complete delivery."

5. The bill also states that "the bill was signed, sealed, acknowledged, and recorded by McClanahan without even the knowledge of Hurt; that there was no sale whatever of said land to said Hurt, and that so far the deed so pretends, it is false and fraudulent." This is a substantiation of our position, that, there having been no acceptance of the deed, there was *no conveyance*, and, if no conveyance, then surely there was *no fraudulent conveyance*, and therefore nothing for the bank to assail. Hence the decree complained of, so far as it gives the bank a lien on the land from the time of filing its bill, is erroneous. The idea of such a lien is founded on the decision of this court in the case of *Wallace* v. *Teakle*, 27 Gratt., 487. There this court said: "The creditor *assailing successfully a fraudulent conveyance* is entitled to the same relief as if he had already obtained a judgment or decree against the debtor." In this case we have demonstrated that there was not only no fraudulent conveyance, but no conveyance at all.

7. But it may be thought that the disclaimer of title under the deed filed by Hurt by his answer after the entry of the decree, but during the term, came too late to repel the presumption of his acceptance. If, however, it was necessary to sup-

port and uphold the complainant's own bill on this point of Hurt's non-acceptance, we have only to refer to the depositions taken in the cause.

8. Our contention is, not that Hurt takes anything under the deed, but that the complainant below acquired by its suit no priority of lien to the lien acquired by the appellants under the trust deed, and whereby McClanahan, subsequently to the filing of the bill, conveyed the same land to secure ˙bona fide debts due them.

*Staples & Logan* and *D. B. Strouse,* for the appellee.

FAUNTLEROY, J., delivered the opinion of the court.

The facts disclosed by the record are as follows: The Farmers National Bank of Salem (appellee here) held a negotiable note, dated the 23d of September, 1884, drawn by F. Rorer, for $5,400, payable to E. G. McClanahan or order at the said bank sixty days after date, with waiver of homestead. This said note was endorsed by E. G. McClanahan. It was not paid at maturity, and was duly protested 25th of November, 1884, and the proper notices given. The note on its face was not endorsed for the accommodation of the drawer, Rorer, and there is no direction by the endorser to credit the drawer. The proceeds of the note, when discounted by the said Farmers National Bank of Salem, went to the credit of the endorser, the said McClanahan. When this note was protested, the said endorser, McClanahan, was the owner in fee of two parcels of land in Roanoke county and Roanoke city, aggregating forty-one acres, two rods, and eight poles; which said parcels of land McClanahan and his wife, by their deed of the 26th of February, 1885, (acknowledged and recorded in the clerk's office of the city of Roanoke, February 27th, 1885, and recorded in the county clerk's office, February 28th, 1885,) granted to S. C. Hurt, of Lynchburg, a brother of Mrs. McClanahan, in fee for

the consideration named in the said deed of $4,000, which said consideration is not recited in the said deed to have been paid, in whole or in part, nor any time, manner, or requirement for its payment provided in the deed, though absolute on its face. The Farmers National Bank of Salem, holder of the note, had no judgment on the said note against either the drawer or the endorser, nor any lien for the said debt; but, under the Code 1873, chapter 175, section 2, p. 1126, the said bank filed in the clerk's office or the circuit court of Roanoke county, on the 6th day of April, 1885, its original bill against the said E. G. McClanahan and wife and S. C. Hunt, the grantee in the said deed, setting up the debt due by the said note against E. G. McClanahan, charging that the said deed to Hurt of February 26th, 1885, was voluntary, and made with intent to delay, hinder, and defraud McClanahan's creditors; and that the sale mentioned in it was a pretence only, and that no $4,000, nor any part thereof, nor any valuable consideration whatever was given; and claiming that, under the statute, the said Farmers National Bank of Salem had a *lien* on the land conveyed by the said deed from April 6th, 1885, the date of filing its bill; and praying that the said deed from McClanahan and wife to S. C. Hurt be declared fraudulent and null and void, and be set aside and annulled, and the land therein named be decreed to be sold and the proceeds applied to the payment of complainants' said debt. To this bill there was no answer, nor appearance, by either defendant at rules.

In vacation, July 3d, 1885, on motion of the complainant, the judge of the said circuit court (under Acts 1883-4 and 1884) directed that its master commissioner should ascertain and report to the next term the value of the lands in the bill mentioned; the value of the entire real estate of the defendant, McClanahan; the amount of judgments against E. G. McClanahan prior to April 6th, 1885.

Under this order the commissioner, Houtz, reported the value of the forty-one acres, two roods, and eight poles of land

in the bill mentioned, at $4,000; McClanahan's entire realty at $30,000. By request, the value of Rorer's entire realty at $40,000. The liens on the lands of McClanahan and of Rorer, $30,038. Liens in which McClanahan is primarily bound, $17,781 21. At the October term, 1885, (7th of October) the circuit court heard the cause, on the bill and exhibits and the report of commissioner, to which there was no exception; and the bill was taken for confessed and the said report confirmed; and the court decreed McClanahan to pay to the complainant the debt in the bill mentioned, $5,402 04, with interest thereon from 25th of November, 1884, adjudged and ordered the deed of February 26th, 1885, from E. G. McClanahan and wife to S. C. Hurt, to be annulled and set aside; and decreed the forty-one acres, two roods, and eight poles of land in the bill mentioned, to be sold, and appointed D. B. Strouse, special commissioner, to make the sale. After this decree, but during the term, on the 13th day of October, 1885, the defendant, S. C. Hurt filed his answer disclaiming all title to, or interest in, the land conveyed by the deed of February 26th, 1885, by E. G. McClanahan and wife, and denying that he ever claimed, or pretended to claim any right, title or interest of, in, or to the said land in the bill mentioned, or any part thereof.

After the end of the said October term, 1885, viz: on the 19th December, 1885, in vacation, the Roanoke National Bank, William F. Neighbors, Samuel G. Williams, trustee, and E. G. McClanahan, presented to the judge of the said circuit court their petition for a re-hearing of the said cause, for annulling the decree of October 7th, 1885, and for an injunction to prevent the sale ordered by the said decree of October 7th, 1885; and praying that the original complainant, the Farmers National Bank of Salem, and D. B. Strouse, the commissioner of sale, be made parties defendant to their said petition. The petitioners deny, as a fact, that the deed to S. C. Hurt from McClanahan and wife, of February 26th, 1885, was fraudulent, but they do not aver that the adjudication of it as void

was an error in law; nor do they claim to have any after-discovered evidence, of which the defendants in the original suit could not have had knowledge, till discovered after the final decree of October 7th, 1885. They then proceeded to set up the lien of a deed of trust from McClanahan to S. G. Williams, trustee, of April 18th, 1885, (12 days after the filing of the original bill) conveying this same forty-one acres, two roods, and eight poles of land to secure a debt of $1,154, due by McClanahan to William F. Neighbors, and another debt, amount not named, due by certain notes held by the Roanoke National Bank against McClanahan.

On the 19th of December, 1885, the judge of the said circuit court, in vacation, endorsed on this petition permission to file it and grant of injunction, as prayed for in the said petition.

On the 24th of December, 1885, in vacation, the Farmers National Bank of Salem presented and filed its demurrer and answer to the petition before the judge, on motion to dissolve.

On the 19th of January, 1886, in vacation, the judge made an order, on motion of complainant, that the master commissioner's report be recommitted, and for him to reform the account of liens and enter any proper credits, and take any evidence either party should offer.

The Farmers National Bank of Salem filed its memorandum of *lis pendens*, recorded in the county court clerk's office of Roanoke county on the 10th of April, 1885; and the master commissioner, Houtz, returned his reformed report and the depositions of sundry witnesses.

On the 10th of April, 1886, the cause again came on to be heard on the original bill, and exhibits, copy of the *lis pendens*, answer of S. C. Hurt, joint answer of Roanoke National Bank, E. G. McClanahan, and W. F. Neigbors, and the replications thereto; the petition of the Roanoke National Bank, Neighbors, Williams, trustee, and McClanahan and exhibits; demurrer and answer of Farmers National Bank of Salem to the petition, and replication to the said answer; deed of trust by

J. N. Shaver, two reports of Commissioner Houtz, and exceptions to the second report and the depositions of witnesses, when, after argument, the court decreed and adjudged that the deed of McClanahan and wife to S. C. Hurt, dated February 26th, 1885, was voluntary, and without valuable consideration, and, under the evidence in the case, was *fraudulent* as to creditors, and that it be annulled and set aside; that S. G. Williams, trustee, in the deed of trust of April 18th, 1885, became grantee after suit by complainant, and after record of *lis pendens*, and is not a purchaser without notice; and, therefore, the lien of the Farmers National Bank of Salem acquired by the original suit has priority over the lien of the deed of trust; but that the parties secured by the said deed of trust will be entitled to any surplus of the proceeds of sale of the land conveyed by the deed of trust, should any there be after the said lien of the Farmers National Bank and other prior liens; that the Farmers National Bank of Salem has a lien (under the statute, chap. 175, sec. 2, Code of 1873,) from the filing of its original bill on the forty-one acres, two rods, and eight poles for $5,402 04, with interest from November 25th, 1884, which said lien is subordinate to the prior liens on said land; but that if the proceeds of sale of the said forty-one acres, two roods, and eight poles of land be applied to the said prior liens, the complainant, said Farmers National Bank of Salem, will be subrogated, *pro tanto*, to the liens so paid on any other property of the defendants. And the injunction was dissolved, and the land in the bill mentioned was ordered to be sold by Commissioners Strouse and Logan, appointed for that purpose.

From this decree of April 10th, 1886, the Roanoke National Bank and William F. Neighbours obtained this appeal.

The original bill of the Farmers National Bank of Salem, (appellee) distinctly and directly charges that the deed of February 26th, 1884, by E. G. McClanahan and wife to S. C. Hurt, was executed solely to delay, hinder, and defraud creditors of E. G. McClanahan; that there was no consideration

for the pretended sale and conveyance to Hurt; that the said conveyance was made by procurement of E. G. McClanahan without the knowledge of Hurt, and is false and fraudulent. The defendants are required in the bill to answer on oath. To this bill no answer is filed by McClanahan and wife, the grantor and debtor. Hurt, on the 13th of October, 1885, filed his answer in which he utterly repudiates all knowledge or participation in the transaction, and formally disclaiming any and all interest, claim, right, or interest in the said conveyance. Yet the deed was put to record by McClanahan, and has been suffered to stand as a valid deed for more than a year, divesting his ownership, and as a bar to his creditors.

The deed was manifestly, if not indeed, confessedly fraudulent and void as to creditors; and it was properly annulled and set aside by the decree of October 7th, 1885. The court properly directed the account taken and reported by the master commissioner, and properly confirmed the same, there being no exceptions, and properly decreed a sale of the forty-one acres, two roods, and eight poles of land. The decree disposed fully of the issue between the complainant in the original bill and the defendants, retaining the cause only for purposes of administration and execution of the decree; and there is no error in the said decree of October 7th, 1885.

But the court did err in permitting the *new* parties, Roanoke National Bank, Neighbors and Williams, trustee, after the said decree of October 7th, 1885, and the term ended, to file a petition for rehearing, in vacation; and in granting injunction to the sale ordered by its said decree of October 7th, 1885, and in rehearing the cause. The cause could be reviewed in the circuit court only by a bill of review. (See Robinson's 2 vol. Old Prac., 426 and 389; 2 Tucker's Com., 504–5; 1 Leigh, 108; 2 Leigh, 209; 4 H. & M., 400,) and *Parker* v. *Logan*, 82 Va., 376.

The petition filed by the Roanoke National Bank and others is not a cross bill, nor a bill of review, but is a petition for a

rehearing of the cause after a decree settling the issue and the principles of the cause and adjournment of the term of the court, by entirely new parties—strangers to the original litigation—who do not assign any error in law, and who do not aver any newly discovered evidence, but only present claims and deeds of record, which were recorded by the petitioners themselves, and well known pending the original suit.

The circuit court erred in giving leave to file the said petition for a rehearing; and in rehearing the cause: but of this error the appellants here do not and cannot complain; and as the proceedings had on the rehearing and the evidence adduced only made more evident the correctness of the decree of October 7th, 1885, and the court in its decree of April 10th, 1886, here complained of, arrived at the same result as that properly decreed October 7th, 1885, and is more elaborate in its adjudication, we are of opinion that the said decrees of October 7th, 1885, and of April 10th, 1886, appealed from are plainly right, and to affirm the same, with costs, etc., to the appellee, in the court below and in this court.

DECREES AFFIRMED.