Argued January 9, affirmed as modified January 22, petition
for rehearing denied March 11, 1964

# RAND *v.* THE BANK OF CALIFORNIA ET AL, McCORMICK ET AL

388 P. 2d 437

390 P. 2d 189

*Albert T. Kemmer,* Portland, argued the cause and filed briefs for the appellants.

*Bert S. Gooding,* Portland, argued the cause for defendants-respondents The Archbishop of Portland in Oregon, a corporation; The Province of the Holy Name, a corporation, and Marylhurst College, a cor-

poration. With him on the brief was Irving Rand, Portland, for himself as administrator.

*John D. Ryan,* Portland, argued the cause for respondent Gray. On the brief were Ryan & Ryan.

Before McALLISTER, Chief Justice, and SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This suit was brought by the administrator c.t.a. of the estate of Anna Marie McCormick Gray to obtain a construction of decedent's will. Michael and Patrick McCormick, decedent's two minor nephews, who were beneficiaries under the will, appeal. The other defendants have not appealed.

Decedent died on December 24, 1959, two months after she executed her will. The will, having been drafted by the decedent herself, is ambiguous in several particulars. She created a trust to carry out, at least in part, her principal dispositive design, which included the education of her nephews, the payment of a monthly sum to her husband, and the accumulation of income which, together with a portion of the corpus, was to go to Catholic charities.

The first ambiguity is contained in the following paragraph of the will:

> "The property at 1516 N.E. 6th Avenue and at 1535 N.E. 6th Avenue is hereby devised for my nephew Michael E. McCormick for his Catholic high school education and for his Catholic college or university work. ½ of all shares of stocks and ½ of account #104208 at Equitable Savings and Loan Association are to be bequeathed to The Bank of California, N.A. in trust as well as the properties at 1516 N.E. 6th Avenue and at 1535 N.E. 6th Avenue for these purposes."

■ Defendants contend that the foregoing clause is an outright devise to Michael of the described real property. The trial court held that the real property as well as the shares of stock and the savings account were transferred in trust for Michael's education. We concur in the trial court's construction. First it will be noted that the property is devised "for" and not *to* the nephew, which would indicate an intent to create a trust rather than an outright devise. Secondly, the term "in trust" used in the second sentence was, we believe, intended to refer not only to the shares of stock and the savings account but to the real property as well.[1]

Under the third paragraph of decedent's will the following disposition was made:

> "Property at 1400-1402 N.E. 2nd Avenue
> "1431 N.E. 3rd Avenue
> "1426 N.E. 2nd Avenue

> "These properties are devised in trust to: The Bank of California, N.A. Out of the net rentals Fifty Dollars ($50.00) a month is to be paid to or used for the benefit of Henry D. Gray. Upon the death of Henry D. Gray it is to be combined with the Anna Marie McCormick Gray Trust Fund."

Henry D. Gray, husband of the decedent, elected to take his marital interest and not to take under the

---

[1] The same interpretation applies to the following paragraph of the will under which Patrick O. McCormick was made a beneficiary:

"The property at 609 N.E. Halsey St. and at 627 N.E. Halsey St. is hereby devised for my nephew Patrick O. McCormick for his Catholic high school education and for his Catholic college or university work. ½ of all shares of stock and ½ of account #104208 (or re-numbered account) at Equitable Savings and Loan Association are to be bequeathed to The Bank of California, N.A. in trust as well as the properties at 609 N.E. Halsey St. and at 627 N.E. Halsey St. for these purposes."

will. Defendants contend that the amount which would have been payable to Henry D. Gray if he had elected to take under the will becomes a part of the trust for the defendants' education. Plaintiff argues that upon Gray's rejection of the will all of the rental from the designated property goes into the Anna Marie McCormick Gray Trust Fund for purposes other than defendants' education.

In the second paragraph of the will decedent states in general terms her intent to provide for the education of her two nephews. The will reads: "Enough money is to be set aside to provide both a Catholic High School Education and a Catholic College Education for each of my nephews * * *. This money is to be derived from the rentals of my properties." Taken alone, this clause would indicate an intent to dedicate the rentals from *all* her properties to the purpose of educating her nephews. But other clauses of the will express a contrary intent.

In the eighth and ninth clauses of the will the testatrix directs that the rentals are to be first used for the discharge of encumbrances and unpaid balances on the purchase price of the various parcels of property,[2] except as to certain specifically designated

[2] "Eighth: No money is to be taken from any property except expenses necessary as taxes, bank control expenses, etc. until all outstanding payments, loans, contracts, bills, etc. have been paid. Neither is any property to be given to any person until all outstanding mortgages, contracts, payments, etc. have been paid. These are to be retired as quickly as possible by using money from one property to help another property. Enough must always be left in the bank for taxes per year and for bank control expenses plus running expenses.

"Ninth: Balances due on each of the properties are to be taken from the rents secured therefrom or if this is not sufficient, rent may be taken from rent of other properties herein mentioned or from other properties previously mentioned. Use

parcels, including the property held in trust for the nephews. As to these latter parcels she provided as follows:

> "Incumbrances against properties held in trust for Michael E. McCormick and Patrick O. McCormick may be retired by monthly payments while at the same time payments for Catholic high school educations and Catholic college or university educations may be made because the income from said properties is over and above money necessary for monthly payments, taxes, bank control expenses, etc. Payments on the mortgage on property at 5236 N.E. 20th Avenue may be derived from monthly rental of property or from the Anna Marie McCormick Gray Trust Fund if necessary (if property is not rented, etc.) Payments on the mortgage on property at 1417 N.E. 3rd Avenue may be paid monthly plus interest until retired from the Anna Marie McCormick Gray Trust Fund."[9]

Taking together all of the clauses relating to rentals it is apparent that the testatrix did not intend all of the rentals to be first devoted to defendants' education. The rentals derived from the property devised in trust to pay a monthly sum to testatrix's husband would, except for the $50 amount payable to the husband, be governed by the provisions of the will requiring that encumbrances and balances due on the various parcels first be paid. It is reasonable to as-

---

money from one property to pay off other properties as quickly as possible—in other words—retire all outstanding incumbrances as quickly as possible beginning with the property that has the smallest incumbrance against it and each in turn accordingly until the one with the largest incumbrance against it has been retired. * * *."

[9] We regard the references to the "properties held in trust" as meaning the property at 1516 and 1536 N.E. 6th Avenue and 609 and 627 N.E. Halsey devised in the second paragraph of the will.

sume that testatrix would intend the $50 portion of the rent payable to her husband, if rejected by him, be applied in the same manner as any surplus rental over and above the $50. This means that defendants would not be entitled to any rentals from the property devised in trust to pay testatrix's husband, at least until all of the encumbrances and unpaid balances due on all of the property devised had been discharged. If and when these obligations are discharged, the rentals from such property will then be subject to a trust for the education of the defendants unless, at that time, the trust purpose can no longer be carried out. We construe the will to mean that the primary object of the testatrix (except for the payment of encumbrances and unpaid balances as discussed above), was to provide funds for the education of her nephews. We derive this intent from the second paragraph of the will already mentioned in which testatrix states her general purpose that "Enough money is to be set aside" to provide for the education of her nephews and that this "money is to be derived from rentals of my properties," which we take to mean all of the properties forming the corpus of the Anna Marie McCormick Gray Trust.

■ Finally, we come to two provisions of the will which the court below held to be in violation of the rule against perpetuities. The first of these provisions is as follows:

> "1534 N.E. 3rd Avenue to Michael E. McCormick and Patrick O. McCormick, my nephews, in 1983. Up to this time the income from this property beyond expenses is to be put in the Anna Marie McCormick Gray Trust Fund. The Trustee is hereby given the power to lease, repair, pay taxes, insurance premiums, repairs, upkeep and

generally to administer this property until 1983. Present buildings may be removed if necessary for leasing purpose. If both Michael E. McCormick and Patrick O. McCormick die before distribution is made to them, then this property is to be added to the Anna Marie McCormick Gray Trust Fund. If either nephew is living in 1983 it is to be given to the one who survives."

The rule against perpetuities may be stated as follows: No interest is good unless it must vest, if it vests at all, not later than twenty-one years after some life in being at the creation of the interest.[4]

■ Apparently it was the opinion of the trial court that since testatrix died on December 24, 1959 and since it would not be known until 1983 who was to be entitled to the property, there was a gross period of more than twenty-one years not related to a life in being which would have to elapse before the interest would vest. But the provision postponing until 1983 the vesting of the interest in Patrick or Michael Mc-Cormick or either of them, could not possibly postpone the vesting of those ultimately entitled to take beyond lives in being at the creation of the interest. The interest must vest, if it vests at all, within the lifetime of either Patrick or Michael McCormick. To be entitled to take the devisee must be alive on January 1, 1983. If he takes, he does so within his own lifetime. If both die before January 1, 1983, the property vests in the trustee, which necessarily would be not later than the lifetime of the survivor of the two nephews. Thus it is apparent that the estate must vest either in nephews (or the survivor) or in the

---

[4] Gray, The Rule Against Perpetuities, Ch 6 (4th ed 1942); Simes and Smith, The Law of Future Interests, § 1222 (2d ed 1956).

trustee within the lifetime of Patrick or Michael Mc-Cormick. The rule against perpetuities is not violated.

■ The trial court held that the following devise also violated the rule against perpetuities:

"Fourteen: All the property described herein below is to be sold or the timber thereon is to be sold (whichever is the better at the time) and the money or property is to be evenly distributed to my two nephews, Michael E. McCormick and Patrick O. McCormick, children of my brother, Joseph M. McCormick, not before Michael E. McCormick will be 32 years old (1983) and Patrick O. McCormick will be 30 years old (1983). If either of these children of my brother, Joseph M. McCormick, dies before either the ages 32 and 30, then the remaining one will receive all at either 32 or 30 years, or if each dies, it shall be given to the heirs of each or if no heirs exist it shall revert back to the Anna Marie McCormick Gray Trust Fund at the Bank of California, Portland, Oregon.

"[Here follow descriptions of the real property in Columbia County, Oregon, and in Lewis County, Pacific County and Cowlitz County, Washington.]"⑨

If Michael McCormick reaches the age of 32 in 1983, or if Patrick reaches the age of 30 in 1983, it will necessarily be within their respective lifetimes. They are the "lives in being" which measure the period during which the interests of the possible takers remain contingent. Either the nephews will take within their own lifetime (if they or either of them live to the specified age in 1983) or, if they do not live to the specified age, their heirs or the trustee will take and this would not be later than the lifetime of the sur-

---

⑨ The disposition of the real property in the state of Washington is not involved in this appeal.

viving nephew. The rule against perpetuities is not violated.

■ The plaintiff relies upon *Closset v. Burtchaell*, 112 Or 585, 230 P 554 (1924). That case involved a class gift in which the class did not close within the permissible period of the rule. The devise to Patrick and Michael McCormick did not create a class gift.[⑥] "The application of the rule against perpetuities to class gifts is unique." Simes and Smith, The Law of Future Interests § 1265, p. 195 (2d ed 1956). The *Closset* case, therefore, is not apposite.[⑦]

The decree of the lower court is affirmed as modified by this opinion. Defendants-appellants shall recover costs.

## ON PETITIONS FOR REHEARING

---

[⑥] See Simes and Smith, The Law of Future Interests §§ 611, 612 (2d ed 1956).

[⑦] For a criticism of Closset v. Burtchaell, supra, see Note, 16 Or L Rev 427 (1937).

Submitted on respondents' The Archbishop of Portland in Oregon and Henry D. Gray petitions for rehearing.

Bert S. Gooding, Portland, for petitioner The Archbishop of Portland in Oregon.

John D. Ryan, Portland, for petitioner Henry D. Gray.

No appearance contra.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, O'CONNELL, SLOAN, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

The defendants, The Archbishop of Portland in Oregon and the heirs of Henry D. Gray petition for rehearing. The petition for the heirs of Henry Gray, deceased urges us to hold that the property at 1534 N.E. 3rd Avenue vested in Henry Gray subject to be-

ing divested in the event that the estate vested in Michael or Patrick McCormick in 1983.

The defendant The Archbishop of Portland in Oregon takes the position that the estate was intended to vest in the trustee during this period. It is evident from the will the latter position is correct. Therefore, the heirs of Henry D. Gray have no interest.

■ A similar argument is made with respect to the property devised in paragraph Fourteen of the will. Although this paragraph does not itself indicate where the title is to vest or what disposition is to be made of the income from the property described, the other clauses of the will reveal the intent of the testatrix to vest the legal title in the trustee until 1983 and during that period to use the income from the corpus to pay the unpaid balances and encumbrances on the various parcels of property devised under the will.

■ We are urged to declare that the income from real property in Washington described in paragraph Fourteen should be applied to the same purposes as the income from the Oregon property. The effect of the trust as to land in Washington is determined by the law of Washington. *In re Tutules' Estate,* 22 Cal Rptr 427 (1962) ; *In re Piazza's Estate,* 130 NYS2d 244 (1954) ; Restatement, Conflict of Laws § 239 (1934).

The petitions are denied.