Argued February 6, affirmed March 15, petition for rehearing
denied April 25, 1967

IN THE MATTER OF THE ESTATE OF ANNA MARIE
McCORMICK GRAY, DECEASED
McCORMICK, ET AL, *Appellants, v.*
RAND, ET AL, *Respondents.*
425 P. 2d 488

*Albert T. Kemmer* and *Donald H. Joyce,* Portland, argued the cause and submitted briefs for appellants.

*Robert Clapperton* and *Bert S. Gooding,* Portland, argued the cause and submitted a brief for respondent.

Before PERRY, Chief Justice, and McALLISTER and O'CONNELL, Justices.

O'CONNELL, J.

This is an appeal by two of the beneficiaries of a trust created in the will of Anna Marie McCormick Gray from an order overruling their objections to the final account of the administrator c.t.a. of the will, and by Albert T. Kemmer, attorney for the two beneficiaries, from an order denying his petition for attorney's fees for work chargeable against the trust or estate of Anna Marie McCormick Gray.[1]

Two issues are presented on appeal: (1) whether the trial court erred in allowing extraordinary compensation to Irving Rand, as administrator of the estate and as attorney for the administrator, and (2) whether the court erred in denying compensation to Albert T. Kemmer for legal services performed as representative of the minor nephews who were named beneficiaries in the will.

■ We find no abuse of discretion on the part of the probate court in the allowance of extraordinary compensation to Irving Rand, the administrator and attorney. There was sufficient evidence of extra time and effort expended in the administration of the estate

[1] The trust was previously before this court in Rand v. Bank of California, 236 Or 619, 388 P2d 437, 390 P2d 189 (1964).

to warrant the amount of extra compensation awarded. The other objections raised by the appellants to the allowance made to Irving Rand are without merit.

■ The trial court properly disallowed Albert Kemmer's claim for compensation for legal services. Mr. Kemmer's claim is based upon the theory that in the case that first came to us on appeal, *Rand v. Bank of California,* 236 Or 619, 388 P2d 437, 390 P2d 189 (1964), he successfully urged that the rule against perpetuities did not vitiate the trust, a position contrary to that taken by the probate court, and thus he benefited the trust and should be compensated for his services in this respect. Mr. Kemmer certainly was not acting on behalf of the trustee or any of the beneficiaries of the trust other than the two nephews. He sought to obtain the property in question for the *sole* benefit of his clients. If he had been successful, the other beneficiaries of the trust would have been adversely affected. It is true that in obtaining a reversal of the probate court decree holding that the rule against perpetuities applied, he benefited the other beneficiaries. But this is not a sufficient ground for imposing his fee upon them. The principle is clearly brought out in *State Land Board v. Sovenko et al,* 202 Or 571, 277 P2d 781 (1954), and particularly in a quotation from 2 Thornton on Attorneys at Law § 514, which is as follows:

> " 'It is well settled that the employment of counsel by one of several heirs or legatees will not, of itself, create a liability on the part of the other heirs or legatees for the compensation of the counsel so employed, even though his services were beneficial to all of them, excepting where they have resulted in bringing a fund into court, and, under the local law, attorney fees may be allowed therefrom. Nor will the employment of an attorney by

an heir or legatee create a liability on the part of the estate involved.'" 202 Or at 578.

Although Mr. Kemmer benefited the beneficiaries of the trust, including those whom he did not represent, he did nothing which resulted in adding any assets being administered by the court.

The decree is affirmed.