# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## JONES v. TURNER.

### FEBRUARY 4th, 1886.

1. CHANCERY PRACTICE—*Final decree—How set aside.*—A decree in these words : " the plaintiff, failing to prosecute his suit, it is ordered that the same be dismissed," is a final decree. It can only be set aside by appeal, or by bill of review, within the periods limited by statute. *Battaille* v. *M. H. for Insane,* 76 Va. 63.
2. IDEM—*Petition to re-instate—Case here.*—Such decree dismissing suit was entered July 13, 1874. Plaintiff made motion April 17, 1878, for leave to file petition to re-instate the case on the docket.

HELD :

The petition was too late, the limited period of three years having elapsed.

Appeal from decree of circuit court of Franklin county entered April 17, 1878, in the chancery cause of *Isaac Jones, Jr.,* v. *E. B. Turner, Fleming Saunders and als.*

Opinion states the case.

*E. Barksdale, Jr.,* and *W. R. Barksdale,* for the appellant.

*Hugh Nelson* and *John R. Thurman,* for the appellees.

LEWIS, P., delivered the opinion of the court.

The suit was dismissed by the decree of the 13th of July, 1874, which is in these words: " The plaintiff failing to

prosecute his suit, it is ordered that the same be dismissed." On the 17th of April, 1878, the plaintiff moved the court for leave to file a petition, praying that the cause be re-instated on the docket, which was refused. Thereupon he obtained an appeal to this court.

The decree dismissing the suit was a final decree, and therefore after the end of the term at which it was rendered, it could be set aside only on appeal to this court, or by the circuit court on a bill of review. But these remedies must be pursued, if at all, within the time limited by the statute. Hence there was no longer power in any court to set aside the decree when the application to re-instate the cause was made; and the decree refusing leave to file the petition must be affirmed. *Battaille* v. *Maryland Hospital for the Insane,* 76 Va., 63.

DECREE AFFIRMED.