## �export 𝔚𝔦𝔠𝔥𝔪𝔬𝔫𝔡

### WILLIAM A. JARRETT AND MARGARET A. JARRETT MORRIS v. ELIZABETH H. McREYNOLDS AND THE FIRST NATIONAL EXCHANGE BANK OF VIRGINIA, TRUSTEE, ETC.

September 1, 1971.

Record No. 7491.

Present, I'Anson, Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*English Showalter* (*Allen W. Staples*, on brief), for appellants.

*Morton Honeyman* (*Burton L. Albert*, on brief), for appellees.

HARMAN, J., delivered the opinion of the court.

The First National Exchange Bank of Virginia, as Trustee under the will of James T. Jarrett, deceased, filed a bill against William A. Jarrett, Margaret A. Jarrett Morris and Elizabeth H. McReynolds, asking for the court's direction in making distribution of the principal of the trust created by the will of James T. Jarrett. The court below held that each of the defendants was entitled to one-third of the trust principal. We granted an appeal to William A. Jarrett and Margaret A. Jarrett Morris (appellants).

The issue here is whether Elizabeth H. McReynolds, the sole devisee under the will of James T. Jarrett, Jr., a deceased son of the testator, is entitled to share in the principal of the trust created under the will of James T. Jarrett.

This will, executed on September 12, 1927, provides in pertinent part:

"CLAUSE IV. I give, bequeath and devise untò the First National Exchange Bank of Roanoke, Virginia, as Trustee, all of the remainder of my property, both real and personal, and wherever situated, to be held by my said Trustee in trust for the following purposes:

\* \* \*

"ITEM C. I direct that my said Trustee shall pay and deliver to my wife, Anna A. Jarrett, at least quarterly, the entire net income from my said trust estate, so long as she may live, for the maintenance and support of herself and our children.

"ITEM D. Upon the death of my said wife, should she survive me, or in the event she shall predecease me, then upon my death, I direct my said Trustee to continue to hold and manage the said trust estate as hereinabove provided and pay the net income therefrom equally to each of my children until each of them shall become twenty-five years of age, or to the survivor or survivors thereof, *per capita*, should any of them die without children surviving before reaching the age of twenty-five years.

"As each of my children arrives at the age of twenty-five years after my said wife's death, or to such thereof as may be twenty-five years of age upon her death, or should my said wife predecease me, then to such thereof as may be twenty-five years of age upon my death, I direct my said Trustee to transfer, pay over and deliver to each of them their share of the principal of my said trust estate, and thereupon such child shall cease to participate in the income from the remainder of said trust estate, and as to each part of the principal so paid and delivered this trust shall terminate. Should any of my said children die before attaining the age of twenty-five years leaving no children surviving, then such deceased child's part of the principal of said trust estate shall belong to and be by said Trustee paid over and delivered to the survivor or survivors thereof equally, or to the surviving children *per stirpes* of any of my children who may be then dead, as and when

their right thereto has become fixed and they are qualified as herein provided to receive the same.

"ITEM E. Should any of my said children die before receiving or before being entitled to receive his or her portion of said trust estate as hereinabove provided, leaving children surviving, my said Trustee shall continue to hold and manage the decedent's share of said trust estate and pay the net income therefrom equally at least quarterly to decedent's surviving children (the testator's grandchildren) or their guardian or guardians until the youngest thereof reaches the age of twenty-one years, at which time said Trustee shall pay over and deliver equally to the survivors their parent's share of said trust estate.

"CLAUSE V. In the event that any of my aforesaid children shall not have completed their education before my death, I direct and hereby so empower and authorize my said Trustee to use such portion of the principal of my estate, if the net income therefrom is in its opinion insufficient, as it may deem expedient for the proper education of my said children to the end that each of them shall have the best education of which they will take advantage.

"CLAUSE VI. In the event that my wife, or any of my children, shall suffer any illness or bodily injury, I direct and hereby so empower and authorize my said Trustee to use such portion of the principal of my estate, if the net income therefrom is, in its opinion insufficient, as it may deem expedient, to the end that they shall have proper medical attention."

James T. Jarrett died April 1, 1934, survived by his wife, Anna A. Jarrett, and three children, James T. Jarrett, Jr., then age 22; William A. Jarrett, then age 19; and Margaret A. Jarrett (now Margaret A. Jarrett Morris), then age 9.

James T. Jarrett, Jr., then age 32, died testate July 25, 1944, without issue and survived by his wife, Elizabeth Hancock Jarrett (now Elizabeth H. McReynolds), who was the sole beneficiary under his will.

Anna A. Jarrett, the life beneficiary of the trust, died September 28, 1968.

The trial court held that Elizabeth H. McReynolds, as the sole devisee under the will of James T. Jarrett, Jr., was entitled to one-third of the trust principal on the ground that the will of James T. Jarrett created a "defeasible vested remainder in his son, James T.

Jarrett, Jr., deceased. The remainder could be divested only upon the latter's death without issue and before arriving at the age of 25 years."

Elizabeth H. McReynolds relies on the rule favoring early vesting of remainders to sustain the holding of the trial court. Additionally, she suggests that since the instrument in question expressly excludes the spouse of a child who dies without issue before the life beneficiary and before attaining age 25 from participation in the distribution of trust principal, we should infer that the spouse of a child who dies without issue before the life beneficiary but after reaching age 25 was meant to participate in the distribution of trust principal under the deceased child's will in favor of his surviving spouse.

Appellants contend that the will in question imposes on the children of James T. Jarrett the condition of survivorship of the life beneficiary as a requisite for their participation in the distribution of the trust principal. They contend that the interest of James T. Jarrett, Jr., in the trust principal was contingent and not vested. To support this position they point to the phrases "(u)pon the death of my said wife," "upon her death," and "should my said wife predecease me," contained in the first sentence of paragraph two, Item D, Clause IV, as evidence that the testator intended "late vesting" or a condition of survivorship of the life beneficiary. Therefore, appellants maintain that since James T. Jarrett, Jr., did not survive his mother, the life beneficiary, his wife took no interest in the trust principal under his will.

Our function, of course, is to discern the testator's intent from the language used in the will, giving effect to and reconciling, if possible, all provisions of the will.

Only three sentences, which we will identify by the letters "A", "B" and "C", purport to control the ultimate distribution of the principal of the trust estate.

Sentence A describes the testator's children who shall take shares and prescribes the time when their shares shall be distributed:

> "As each of my children arrives at the age of twenty-five years after my said wife's death, or to such thereof as may be twenty-five years of age upon her death, or should my said wife predecease me, then to such thereof as may be twenty-five years of age upon my death, I direct my said Trustee to transfer, pay over and deliver to each of them their share of the principal of my said trust estate, and thereupon such child shall cease to participate in the

income from the remainder of said trust estate, and as to each part of the principal so paid and delivered this trust shall terminate."

James T. Jarrett, Jr., was not entitled to a share under that sentence because the testator's wife survived the testator and James Jr. was not living at her death. In other words, James Jr. died before receiving or being entitled to receive a share of the trust estate under Sentence A.

Sentence C disposes of the share of a deceased child like James Jr., but only if that child leaves surviving children:

> "Should any of my said children die before receiving or before being entitled to receive his or her portion of said trust estate as hereinabove provided, leaving children surviving, my said Trustee shall continue to hold and manage the decedent's share of said trust estate and pay the net income therefrom equally at least quarterly to decedent's surviving children (the testator's grand-children) or their guardian or guardians until the youngest thereof reaches the age of twenty-one years, at which time said Trustee shall pay over and deliver equally to the survivors their parent's share of said trust estate."

Since James Jr. left no surviving child, Sentence C does not control the disposition of his share. As we will point out, however, Sentence C does throw light on the testator's intention with respect to the share of James Jr.

Sentence B causes the difficulty in this case, probably because of faulty drafting:

> "Should any of my said children die before attaining the age of twenty-five years leaving no children surviving, then such deceased child's part of the principal of said trust estate shall belong to and be by said Trustee paid over and delivered to the survivor or sur-vivors thereof equally, or to the surviving children *per stirpes* of any of my children who may be then dead, as and when their right thereto has become fixed and they are qualified as herein provided to receive the same."

Assuming that the testator died wholly testate, we may give one of two possible interpretations to Sentence B.

We may interpret Sentence B as impliedly vesting a share of the trust principal in a child like James Jr. who dies without issue after reaching age 25 but before his mother's death. But Sentence B purports

not to vest shares in the testator's children when they attain age 25, but rather purports to vest shares of the testator's deceased children in his living children and grandchildren. And to interpret Sentence B as vesting a share in a child of the testator when that child reached age 25, even though his mother is still living, would mean that the share would irrevocably vest in right but not in possession until a later date—when the testator's wife died. Yet the will evidences no intent that the income and principal of a share would be set aside and held inviolate, pending distribution at a later time.

Alternatively, we may interpret Sentence B as intending, but inadvertently omitting by its express language, to take care of the shares of the testator's children who did not qualify under Sentence A because they died without issue after attaining age 25 and before the death of their mother. This in our opinion is the correct interpretation of Sentence B.

■ Our interpretation, but not a contrary interpretation, conforms the provisions of Sentences A, B and C to the provisions of Clauses V and VI of the will. Under those clauses, the Trustee is authorized to invade the principal of the trust estate as a whole for the benefit of the testator's wife or children. To provide that a child's share should vest irrevocably in right when he attained age 25, even though the testator's wife was living, would conflict with a provision authorizing the Trustee to invade the principal of the estate as a whole for the benefit of the testator's wife or any child.

Furthermore, the will as a whole, and particularly sentences A, B and C, evidences an intention to pass the estate, at the time fixed for distribution, to the testator's descendants. Our interpretation rather than a contrary interpretation, conforms to that intent. Under the contrary interpretation, a share of the trust estate could, and in the case of James Jr. would, vest in a child before the time fixed for distribution, permitting that child if he died before the date fixed for distribution to pass a share of the trust estate to persons other than the testator's descendants.

■ We reject the other alternative, that the testator died partially intestate. We will not presume intestacy, particularly where a rational interpretation of the will avoids intestacy.

The decree of the trial court will be reversed and this proceeding is remanded for entry of a decree directing disbursement of the trust principal and any accrued income to the appellants.

*Reversed and remanded.*