## Richmond

### John Lewis White, III, Et Al. v. National Bank and Trust Company, Etc., Et Al., Etc.

January 17, 1972.

Record No. 7676.

Present, All the Justices.

*George P. Smith, Jr.; Joseph W. Richmond* (*Robert H. Blodinger; Junius R. Fishburne*, on brief), for appellants.

*Neill H. Alford, Jr.* (*Charles C. Webb; Herbert A. Pickford; George H. Gilliam; George Gilmer; McGuire, Woods and Battle*, on brief), for appellees.

GORDON, J., delivered the opinion of the court.

We have before us the question whether the will of Anne White Bailey, deceased, violates the rule against perpetuities. The question can be framed by describing the relevant provisions of the will relat-

ing to one beneficiary, the testatrix's grandnephew John Henry White. Nevertheless, the relevant provisions relating to all beneficiaries are copied in the Appendix to this opinion.

The will directs that the testatrix's residuary estate be held as a trust estate, the trust to terminate upon the expiration of twenty-five years from the date of the testatrix's death. See Appendix, Articles III and VI.

Pending termination, the will authorizes the Trustee to use income and, in its discretion, principal for John Henry White's "school and college education". "The Trustee shall have wide discretionary powers in providing income for the foregoing purposes . . . [I]nsofar as the education of my said grand-nephews and grand-niece [John Henry White and the other grandnephews and the grandniece provided for in the will] are concerned, supplemental educational funds from the trust shall be provided to or for them respectively only so long as such person is making normal progress in completing the educational program approved by the parent and the Trustee for such person, or by the Trustee alone if the parent may not be living when educational decisions must be made." See Appendix, Article V.

Upon termination of the trust, that is, on the twenty-fifth anniversary of the testatrix's death, the will directs the Trustee to distribute a share of the trust estate, principal and accumulated income, to "John Henry White, should he then be living, otherwise to his heirs and distributees, per stirpes." See Appendix, Article VII.

After the will was probated, the Executor and Trustee sought by this suit the advice and guidance of the court whether the will violated the rule against perpetuities. The trial court held that the alternative gift to heirs and distributees, should John Henry White be not living upon termination of the trust, violated the rule against perpetuities and was therefore void. But the court upheld the benefits provided under the will for John Henry White during his lifetime and his remainder interest should he be living upon termination of the trust.

The appellants appeal from the court's final decree insofar as it fails to hold the entire trust estate void. The appellees assign cross-error to the final decree insofar as it holds the contingent gifts to heirs and distributees void.[1]

---

[1] The appellants include the testatrix's sister Alma White Nuttycomb, her nephews and nieces John Lewis White, III, Geraldine White, Mary Jacqueline Collier, Alfred H. Nuttycomb, Jr. and Phyllis S. Dell'Aria and her grandnephews Arthur Douglas Dell'Aria and Stephen Hall Dell'Aria. Paul S. Dell'Aria, husband of Phyllis D. Dell'-

█ Before oral argument, we raised with counsel the question whether the Court should follow the precedent of *Gasque, Ex'r* v. *Sitterding*, 208 Va. 206, 213, 156 S.E.2d 576, 581 (1967), and withhold decision on the validity of the remainder interests under the Bailey will until the remainders fall in. At oral argument, counsel urged that we decide the entire case at this time. They distinguished *Gasque* principally on the ground that if, as contended by the appellants in this case, all remainder interests are void under the rule against perpetuities, the remainder interests vested in the testatrix's heirs and distributees at the time of her death. So, counsel assert, we are now called upon to decide not only the identity of beneficiaries who will be entitled to receive distribution of an estate at a future time, as in *Gasque*, but also whether interests in an estate vested in the testatrix's heirs and distributees at her death.

In this connection, another question presents itself, whether we can now make an adjudication that will bind the persons, perhaps now unborn, who may qualify as remaindermen under the terms of the will when the remainders fall in. Since the doctrine of virtual representation by parties has been adhered to in this State, we conclude that this question can be answered, yes. *See Faulkner* v. *Davis*, 59 Va. (18 Gratt.) 694, 728-39 (1868); *Baylor's lessee* v. *Dejarnette*, 54 Va. (13 Gratt.) 152, 166-71 (1856); *J. A. Lile and E. B. Meade, Lile's Equity Pleading and Practice* §§ 78, 81, 83 and 84 (3d Ed. 1952). So, agreeing that counsel's distinction of *Gasque* has validity, we will now decide the case.[2]

█ The will does not provide benefits for John Henry White as a member of a class. Rather, it provides for him as a named individual. And since John Henry White was living at the testatrix's death, any gift to him is a gift to a "life in being" within the contemplation of the rule against perpetuities.

Any interest in the trust estate that vests in John Henry White before termination of the trust must necessarily vest in him, if at all, during the life of a "life in being". This is so because sums are distributable to John Henry White before termination of the trust only so long as he may be living.[3]

Aria, and Barbara Gerhart Nuttycomb, wife of Alfred H. Nuttycomb, Jr., are also appellants. The appellees are National Bank and Trust Company, Executor and Trustee, and the testatrix's grandnephews and grandniece John Henry White, David H. Nuttycomb, William D. Nuttycomb and Patricia L. Nuttycomb.

[2] We decline to pass upon one question at this time, the validity of the interests of Alfred H. Nuttycomb's widow and children. See *infra*.

[3] Counsel concede that the rule against perpetuities does not apply to a vested

And any remainder interest in the trust estate must vest in John Henry White, if at all, during the life of a "life in being". This is so because a remainder interest vests in John Henry White under the terms of the will only if he is living when the trust terminates.

Under settled Virginia law for at least 170 years, an interest under a will is valid under the rule against perpetuities provided the interest must vest, if at all, not later than twenty-one years and ten months after the death of a life in being at the testator's death. *See Burruss* v. *Baldwin*, 199 Va. 833, 887, 103 S.E.2d 249, 252, (1958); *Rose* v. *Rose*, 191 Va. 171, 179-80, 60 S.E.2d 45, 48 (1950); *Pleasants* v. *Pleasants*, 6 Va. (2 Call) 270, 283-84 (1800).[4] All interests of John Henry White under the Bailey will are valid because they necessarily vest, if at all, within that period.

The alternative gift to the heirs and distributees of John Henry White, should he die before termination of the trust, is likewise valid provided that gift must vest, if at all, within the period described in the preceding paragraph.

By definition, any decedent's heirs and distributees are the class of persons who are described in the Virginia statute of descents and distributions and who are *living at the decedent's death*. In interpreting the alternative gift to John Henry White's heirs and distributees, however, we are asked by the appellants to supply the further condition that each member of the class must also be living on the twenty-fifth anniversary of the testatrix's death. But we can interpret the will as imposing that further condition only if such an intent is clearly expressed or implied by the language of the will.

The language to be interpreted is "[to] John Henry White, should he then be living [upon the twenty-fifth anniversary of the testatrix's death, when the trust terminates], otherwise to his heirs and distributees". Whereas the gift to John Henry White is expressly conditioned upon his being alive at the twenty-fifth anniversary of the testatrix's death, the gift to John Henry White's heirs and distributees is not conditioned on their being alive at the twenty-fifth anniversary. So rather than implying that the class comprising John Henry

estate subject to divestment, but only to a contingent estate. Nevertheless, we need not decide whether John Henry White's interests before termination of the trust and upon termination of the trust (should he be then living) are vested subject to divestment or contingent because, for the reasons set out in this opinion, the rule is not violated even if the interests are contingent.

[4] The facts in *Rand* v. *Bank of California*, 236 Ore. 619, 388 P.2d 437 (1964), *rehearing denied*, 236 Ore. 619, 628, 390 P.2d 189 (1964), which applies the rule stated in the text, are strikingly similar to the facts in this case.

White's heirs and distributees should be determined as of the twenty-fifth anniversary, the language of the will implies just the opposite. *See Rennolds* v. *Branch,* 182 Va. 678, 29 S.E.2d 847 (1944) (gift after the death of X to the testator's "own child or children then living, and the issue of such as may have died leaving issue" vests at the death of a child before X's death in that child's issue).

The alternative gift under the Bailey will should be contrasted with the alternative gift under the will of James T. Jarrett, which was involved in a case relied on by the appellees, *Jarrett* v. *McReynolds,* 212 Va. 241, 183 S.E.2d 343 (1971). The gift under the Bailey will to "his [John Henry White's] heirs and distributees" is not ambiguous. Conversely, the alternative gift under the Jarrett will was couched in ambiguous language. The Jarrett will did not expressly provide whether upon the death of the testator's son before the death of the life tenant, the son's share should pass to his estate or should be added to the other shares under the will. Unlike this case, we were called upon in *Jarrett* to infer an intent where express language evidencing intent was lacking.

Giving effect to the express language of the Bailey will, we can only conclude that John Henry White's heirs and distributees must be determined at John Henry White's death and that the interest of each heir and distributee vests, if at all, at John Henry White's death. Accordingly, the alternative gift to John Henry White's heirs and distributees is valid under the rule against perpetuities.

In holding the alternative gift to John Henry White's heirs and distributees void, the trial court relied primarily upon the following dictum in *Driskill* v. *Carwile,* 145 Va. 116, 121, 133 S.E. 773, 774 (1926):

> "The general rule is, that the time for fixing the membership in a class taking under a will is the death of the testator; but where the distribution is to be made among a class at a time subsequent to the testator's decease, then only those who belong to the class when such time arrives are entitled to share in the distribution."

That dictum, however, does not represent the law of this State as reflected by our holdings in cases decided after *Driskill.* See the cases collected, and the comments, in *Lamb, Virginia Probate Practice* § 133 at 243-46 (1957).

What we have said necessarily upholds all interests under the Bailey will against attack based on the rule against perpetuities, with one

exception. Under Article V, the Trustee is authorized after the death of Alfred H. Nuttycomb, Jr. to maintain "his widow and children . . . in comfortable circumstances". See Appendix, Article V. Since Alfred H. Nuttycomb, Jr.'s widow and children may include persons who were not lives in being at the testatrix's death, different considerations apply to their interests under the will.

The question of the validity of the interests of Alfred H. Nuttycomb, Jr.'s widow and children may never arise. If the question does arise, the Trustee can seek the advice and guidance of a court at that time. We therefore decline to pass on the question at this time and intimate nothing about a proper resolution of the question.

The decree appealed from is vacated insofar as it passes upon the interests of the widow and children of Alfred H. Nuttycomb, Jr. and reversed insofar as it holds invalid the alternative gifts to the heirs and distributees of John Henry White, David H. Nuttycomb, William D. Nuttycomb, Patricia L. Nuttycomb, Arthur Douglas Dell'Aria and Stephen Hall Dell'Aria. In all other respects, the decree is affirmed.

*Affirmed in part; reversed in part; and remanded.*

## APPENDIX TO OPINION OF THE COURT

"I, Anne White Bailey, of Charlottesville, Virginia, being of sound and disposing mind, memory and understanding, do hereby make, publish and declare this Instrument of Writing to be my Last Will and Testament, hereby revoking all other wills heretofore by me made.
" * * *

### "Article III.

"All the rest, residue, and remainder of my property and estate, real and personal, of whatever kind and wheresoever any of the same may be, I give, devise and bequeath to the Trustee hereinafter named, with the powers and duties hereinafter set forth, and for the purposes hereinafter specified.

### "Article IV.

"The Trustee of the trust hereinabove established shall take charge of my said residuary estate, including, but not by way of limitation, my various real properties, money, securities, proceeds of insurance, accounts receivable, rights and claims, with full powers to lease said

real properties, and from time to time for purposes of the trust to sell and convey any and all property under the trust, in whole or in part, with the exception of my lot and building on Court Square, in the City of Charlottesville, Virginia, which latter property (generally known as No. 222 Court Square) shall be leased in whole or in part, but shall not have exterior alteration, aside from repairs and restoration, and shall not be sold, except as hereinafter stated, during the twenty-five year period of the said trust.

## "ARTICLE V.

"The said Trustee shall preserve and manage the trust fund and property of the trust hereinabove established, investing and reinvesting the capital of the fund and unused accumulated income, except that said Trustee shall not reinvest in real property, and shall use such portions of income, and in its discretion capital funds, for the following specific purposes, namely:

"(a) For the welfare of my sister, Alma White Nuttycomb, should she survive me, for her lifetime.

"(b) For the welfare of my nephew, Alfred H. Nuttycomb, Jr., should he survive me, for his lifetime, should he die during the trust period, or until the termination of the trust, should he live longer than the termination date.

"(c) For the school and college education of my grand-nephew, John Henry White, son of my nephew, John Lewis White.

"(d) For the school and college education of my grand-nephews, David H. Nuttycomb and William D. Nuttycomb, and of my grand-niece, Patricia L. Nuttycomb, sons and daughter of my nephew, Alfred H. Nuttycomb [Jr.].

"(e) For any unusual need of an emergency nature by my grand-nephews, Arthur Douglas Dellaria [Dell'Aria] and Stephen Hall Dellaria [Dell'Aria], sons of my niece, Phyllis Smith Dellaria [Dell-'Aria].

"The Trustee shall have wide discretionary powers in providing income for the foregoing purposes. For example, insofar as my sister is concerned, it is my intention that only emergency needs for which she may not have the required funds are to be met from this trust; insofar as my nephew, Alfred H. Nuttycomb, Jr., is concerned, it is my intention that he be maintained in comfortable cir-

cumstances, especially should he become unemployed, and should he die during the period of this trust, his widow and children are to be maintained in comfortable circumstances for such period; and insofar as the education of my said grand-nephews and grand-niece are concerned, supplemental educational funds from the trust shall be provided to or for them respectively only so long as such person is making normal progress in completing the educational program approved by the parent and the Trustee for such person, or by the Trustee alone if the parent may not be living when education decisions must be made.

### "ARTICLE VI.

"The said trust shall cease and determine at the expiration of twenty-five (25) years from the date of my death. During the year ahead of the termination of said trust the said Trustee, in consultation with the President at the time of the Albemarle County Historical Society, shall decide upon a proper disposition of my said Court Square property, and shall sell and convey it on or about the termination date of the trust, to the end that the proceeds of sale shall be a part of the capital fund of said trust then to be distributed, as hereinafter provided.

### "ARTICLE VII.

"When said trust shall cease and determine on the 25th anniversary of my death, the said Trustee shall settle the Trust account as required by law, and after paying all management, administration and settlement costs and all proper taxes, shall distribute the net trust fund, capital and accumulated income, in kind or in cash in the discretion of the beneficiaries, in the following approximately equal shares:

"One share to my grand-nephew, John Henry White, should he then be living; otherwise, to his heirs and distributees, per stirpes.
"One share to my grand-nephew, David H. Nuttycomb, should he then be living; otherwise, to his heirs and distributees, per stirpes.
"One share to my grand-nephew, William D. Nuttycomb, should he then be living; otherwise, to his heirs and distributees, per stirpes.
"One share to my grand-niece, Patricia L. Nuttycomb, should she then be living; otherwise, to her heirs and distributees, per stirpes.
"One share to my grand-nephew, Arthur Douglas Dellaria [Dell-

'Aria], should he then be living; otherwise, to his heirs and distributees, per stirpes.

"One share to my grand-nephew, Stephen Paul [Hall] Dellaria [Dell'Aria], should he then be living; otherwise, to his heirs and distributees, per stirpes.

"Should any beneficiary hereunder be an infant at the time he or she may become entitled to receive such distribution, said distributive share shall be paid for his or her benefit to his or her natural guardian, if any; otherwise, to his or her legally appointed guardian.