## Richmond

MILLARD GREGG ELLIOTT AND RICHARD HOLT ELLIOTT
v. MATALIE HOLT ELLIOTT GRIFFIN, ET AL.

September 1, 1977.

Record No. 760841.

Present: All the Justices.

*Paul M. Peatross, Jr.* for appellants.

*Dennis W. Good, Jr. (Charles C. Webb; McGuire, Woods & Battle,* on brief), for appellees.

HARRISON, J., delivered the opinion of the Court.

The National Bank and Trust Company, executor and trustee under the will of John Frank Elliott, IV, deceased, sought a construction of the will of John Frank Elliott, deceased. This appeal questions a final decree of the court below holding that the interest of John Frank Elliott, IV, in a testamentary trust created by his grandfather (John Frank Elliott) vested upon the death of his father (John Frank Elliott, III) and was therefore subject to be devised by his will.

John Frank Elliott died testate on September 14, 1934, survived by his wife, Earline Holt Elliott, and two children, John Frank Elliott, III, and Matalie Holt Elliott Griffin. A trust was created by the will of the decedent and the trustees named were directed to pay the net income from his property to his wife Earline during her life and should the net income be insufficient for the support and maintenance of his wife and children, and for the education of his children, the trustees were directed to apply the principal for these purposes. Pertinent to our decision are the following provisions of the will and codicil of John Frank Elliott. The will includes a clause which provides:

> "After the death of my said wife, so long as any of my children shall be under twenty-one years of age, said trustees shall continue to hold and invest said property and shall apply the net income therefrom and, if necessary, the principal also, to the support, maintenance, and education of my children; and when none of my children shall be under twenty-one years of age, my wife having previously died, *the fund then in the hands of said trustees shall be divided equally between my children then living, and the descendants of any who may have died, per stirpes and not per capita.*" [Emphasis added].

The codicil to the will contains a clause which states:

"The trust created at the first item of said will shall continue during the life of my wife and so long thereafter as any of my children shall remain under thirty years of age, and distribution provided at said item shall be made, my wife having previously died, when none of my children remain under thirty (30) years of age. . . ."

The widow Earline and the daughter Matalie are still living. The son, John Frank Elliott, III, died testate in 1971 survived by three sons, John Frank, IV, Millard Gregg and Richard Holt as his sole heirs and devisees. The grandson, John Frank Elliott, IV, died in 1974, and by his will devised all of his estate in trust for the benefit of his aunt, Matalie, and her daughter, Matalie Elliott Griffin.[1]

█ The sole question here is whether the lower court erred in decreeing that John Frank Elliott, IV, received a vested one-sixth undivided remainder of the estate of his grandfather, John Frank Elliott, at the death of his father, John Frank Elliott, III. The court below relied primarily upon the cases of *Jameson* v. *Jameson's Adm'x & als.*, 86 Va. 51, 9 S.E. 480 (1889), and *Rennolds* v. *Branch*, 182 Va. 678, 29 S.E.2d 847 (1944).

In *Jameson* a testator created a trust for his daughter Elizabeth "for and during her life, and after her death the same is to be equally divided amongst her surviving children and the issue of such as may be dead, such issue taking per stirpes and not per capita". At the testator's death Elizabeth had four children. During Elizabeth's lifetime and after the testator's death one of her sons, Corbin, died leaving a daughter Eliza. Eliza also died during Elizabeth's lifetime without issue, survived by her mother Kate as her sole distributee. The Court concluded that Corbin could not take the remainder because the express condition precedent, *i.e.*, that he survive his mother, the life tenant, never occurred. However, the Court further held that the estate of the deceased Eliza was entitled to take because the condition precedent applied only to the children of the testator and did not extend to their issue, and that since Eliza's interest vested upon the death of her father the

---

[1] Matalie Holt Elliott Griffin is still living and has three children, Daniel Griffin, Jr., Elliott H. Griffin, and Matalie Elliott Griffin, Jr. Daniel Griffin, Jr. has two infant children, Mary Elizabeth Griffin and Daniel K. Griffin.

fact that she failed to survive Elizabeth, the life tenant, was of no consequence. Absent a showing of the testator's intent to the contrary, the Court refused to conclude that "the gift to the issue is by implication subject to the same condition of survivorship as the gift to the parents".

In *Rennolds* v. *Branch*, the testator, John P. Branch, created a testamentary trust for the benefit of his son, Blythe, for life, coupled with a special testamentary power of appointment. Upon failure of appointment the remainder passed to the issue of Blythe and, upon a failure of issue surviving Blythe, *"then said principal sum shall pass and descend to . . . [John P. Branch's children] then living, and the issue of such as may have died leaving issue, such issue to take per stirpes"*. [Emphasis added]. John P. Branch was survived by two sons and two daughters. Blythe died without issue and without exercising the power of appointment. His brother, John Kerr, had predeceased him survived by a son, John Aiken, who later predeceased his uncle Blythe. It was held that the estate of John Aiken was entitled to participate in the remainder of Blythe's trust.

The Court made the following pertinent observation:

> "The language quoted above [and italicized] constitutes a gift, first, to the testator's children then living. . . . Secondly, the gift was to the issue of such (of testator's children) as may have died *leaving* issue. . . . The estate had to vest in the issue of John Kerr Branch when he died because it was then that 'he died leaving issue'.

> \* \* \* \* \*

> "The thought that the testator intended the issue of his deceased child or children to take the estate at the death of such deceased child or children is emphasized by the testator's use of the expression 'then living' when thinking of his own children, and his failure to use that expression when thinking of the issue of his deceased child or children." 182 Va. at 686, 29 S.E.2d at 849.

Regarding the question of the testator's intent, the present case is indistinguishable in principle from *Jameson* v. *Jameson's Adm'x & als.* and *Rennolds* v. *Branch*. Appellants nevertheless say that the trial court erred in its decision by discounting the fact that the trustee under the Elliott will was granted liberal

powers to invade the corpus of the trust, and that this is an important consideration affecting the nature of the interest which John Frank Elliott, IV, had in the trust. They say this fact distinguishes the instant case from *Jameson* v. *Jameson's Adm'x & als, supra,* and *Rennolds* v. *Branch, supra.*

Appellants rely strongly upon *Jarrett* v. *McReynolds,* 212 Va. 241, 183 S.W.2d 343 (1971). There James T. Jarrett created a trust for the benefit of his wife, Anna, for life and gave the trustees power to invade the corpus of his estate to provide for the education of his children and for their medical attention. After the death of the life tenant the share of each child was to be distributed upon his attaining the age 25. The shares of children not surviving to that age passed to their surviving issue or, in the absence of such, to their surviving brothers and sisters. James T. Jarrett, Jr. died married but without issue at age 32, while his mother was still alive. The will "inadvertently omitted" to dispose expressly of the share of a child of the testator who attained the age of 25 but predeceased the life tenant and left no issue. We concluded that the interest of the son did not automatically vest when he reached age 25 during the lifetime of his mother. The Court held that a child of the testator would obtain a vested interest in the trust corpus only if two conditions precedent were fulfilled, reaching age 25 and surviving the life tenant.

Appellants contend that John Frank Elliott's desire that his estate pass to his "descendants" and the provision in his will for invasion of the corpus bring the instant case within the ambit of the case of *Jarrett* v. *McReynolds.* We disagree.

In *Jarrett* we were concerned solely with the question of the testator's intention in providing for his children. In the opinion, we neither discussed nor viewed as relevant the provisions for invasion of corpus except with respect to this question. There the will was ambiguous and we were called upon to infer an intention to provide for someone (the deceased son's widow) who was not a direct descendant of the testator where express language evidencing such intention was lacking. We rejected such an interpretation and concluded that it was the intention of the testator, gleaned from the will as a whole, to pass his estate to his children living at the time of distribution.

The instant case is similar to *White* v. *National Bank,* 212 Va. 568, 186 S.E.2d 21 (1972), decided after *Jarrett.* In *White* the will

established a trust to terminate 25 years after the testatrix's death. If living on that date, John Henry White, one of the beneficiaries of the income, was to receive a share of the corpus; if not, his share was to be paid to "his heirs and distributees, per stirpes". The will also provided that the trustee be given "wide discretionary powers" in distributing the income of the trust for the stated purposes — the education of named beneficiaries. We held that, notwithstanding the provisions for invasion of corpus, the interests of John Henry White's heirs and distributees would be determined and would vest at his death.

In *White*, we distinguished *Jarrett* as follows:

"The gift under the [above] will to 'his [John Henry White's] heirs and distributees' is not ambiguous. Conversely, the alternative gift under the Jarrett will was couched in ambiguous language. The Jarrett will did not expressly provide whether upon the death of the testator's son before the death of the life tenant, the son's share should pass to his estate or should be added to the other shares under the will. Unlike this case, we were called upon in *Jarrett* to infer an intent where express language evidencing intent was lacking." 212 Va. at 572, 186 S.E.2d at 24.

*See also Hagemann* v. *National Bank and Trust Co.*, 218 Va. 333, 237 S.E.2d 388 (1977), this day decided.

■ Likewise, an examination of the will of John Frank Elliott discloses no intention on the part of the testator to pass his estate only to his descendants living at the time of distribution. Clearly his intent and primary object was to provide for his wife during her lifetime and to assure the support, maintenance and education of his children so long as any child was under thirty years of age. To that end he directed his trustees to use the net income from his property and to invade the principal if necessary. After the death of his wife and after his youngest child had attained the age of thirty years, the trustees were directed to divide the trust fund then remaining equally between his children then living, and the descendants of any who may have died, *per stirpes*. The "descendants" who were to take *per stirpes* obviously meant the issue of any deceased child. The children of John Frank Elliott received a vested interest in their father's estate only if they reached age thirty and survived their mother, the life tenant. By the use of the words "then living" in

describing his children who were to share in the distribution of his estate, the testator thereby annexed a condition of survivorship. However, this condition was annexed only to the gift to his children and not to the gift to their descendants. They were alternate takers. The requirement of survival was not applicable to them.

Consistent with our prior decisions, we affirm the judgment of the lower court holding that John Frank Elliott, IV, became vested of a one-sixth undivided remainder interest in the estate of his grandfather, John Frank Elliott, upon the death of his father, John Frank Elliott, III.

*Affirmed.*